UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WILLIE G. POWELL,

        Defendant.
_____/

Case No. 07-20440

Stephanie Dawkins Davis
United States District Judge

## OPINION AND ORDER SUMMARILY DISMISSING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF No. 7)

### I. INTRODUCTION

Willie G. Powell, incarcerated at the Sandstone Federal Correctional Institution in Sandstone, Minnesota, filed a motion for compassionate release. The motion is **DISMISSED WITHOUT PREJUDICE** because this court is the improper venue to hear the motion and because it is duplicative of Powell's motion for compassionate release before the sentencing judge in the Southern District of Ohio.

### II. BACKGROUND

Powell was convicted in the United States District Court for the Southern District of Ohio of two counts of conspiracy to possess with intent to distribute over five kilograms of cocaine and possession of a firearm in furtherance of a drug trafficking offense. *See United States v. Powell*, No. 2:07-cr-00103 (S.D. Ohio)

1

(ECF No. 42). The trial court sentenced Powell to 175 months in prison for each of the two conspiracy counts, to run concurrently, and 60 months in prison for the firearm count, to be served consecutively to the other counts. *Id*. Powell filed a motion for compassionate release on April 1, 2022 in the United States District Court for the Southern District of Ohio due to the ongoing COVID-19 pandemic. *See United States v. Powell*, No. 2:07-cr-00103 (S.D. Ohio) (ECF No. 57). Just weeks before filing his motion in the Southern District of Ohio, Powell filed a duplicate motion in this court. (ECF No. 7). The government responded to the motion for compassionate release in the Southern District of Ohio and the motion remains pending before the sentencing judge. *See United States v. Powell*, No. 2:07-cr-00103 (S.D. Ohio) (ECF No. 59). For the reasons discussed below, the court **DISMISSES** Powell's motion.

### III. DISCUSSION

Generally, venue is proper in a judicial district where a defendant resides, or in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391. The sentencing court is the proper venue for a motion for compassionate release. *See United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (noting that inmates must submit their requests for compassionate release to the sentencing court); *Heard v. Quintana*, 184 F. Supp. 3d 515, 521 (E.D. Ky. 2016) (stating that a motion for compassionate release

"must be undertaken in the court where the prisoner was sentenced."). This court is thus an improper venue for Powell's motion for compassionate release because he was not convicted or sentenced in this court. *Harris v. Bureau of Prisons*, No. 2:20-cv-00159, 2020 WL 4432245, at *1 (E.D. Ark. July 31, 2020) (stating that "[t]he proper venue for a motion for compassionate release is the sentencing court."); *see also Salvi v. Hendrix*, No. 2:20-cv-00016, 2021 WL 1096398, at *2 (E.D. Ark. Feb. 8, 2021) (noting that venue was not proper before the court because "compassionate release issues must be brought before the sentencing court."). If a petitioner brings a case in the wrong district, the district court may dismiss the case or transfer it to any district where the case could have been brought. 28 U.S.C. § 1406(a).

Powell was convicted and sentenced in the United States District Court for the Southern District of Ohio. Powell also filed a motion for compassionate release with the sentencing court, which remains pending. Since Powell has now filed a motion before the sentencing judge, instead of transferring the motion, this court will dismiss the present motion as brought in the wrong venue and duplicative of Powell's motion for compassionate release in the Southern District of Ohio where venue is proper. *See Self v. Spaulding*, No. 20-10813, 2020 WL 8996668, at *1-2  (D. Mass. May 29, 2020) (dismissing motion for compassionate release without prejudice where the petitioner was going to re-file his motion "in

the appropriate venue" with the sentencing court).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that the motion for compassionate release (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

                                              s/Stephanie Dawkins Davis
                                              Stephanie Dawkins Davis
                                              United States District Judge

Dated: April 28, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 28, 2022, by electronic and/or U.S. First Class mail.

                                              s/ R. Loury
                                              Case Manager